UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL JABLONSKI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 1:25-cv-12698-JEK |
| COMMONWEALTH OF MASSACHUSETTS and DEPARTMENT OF CORRECTION, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM AND ORDER**

**KOBICK, J.**

Plaintiff Michael Jablonski, proceeding *pro se*, filed this action against the Commonwealth of Massachusetts and the Massachusetts Department of Correction ("DOC") to challenge the conditions of his confinement at MCI-Shirley. Pending before the Court are a renewed motion for leave to proceed *in forma pauperis*, ECF 7, a petition for "an abuse and protective order," ECF 9, and a motion for appointment of counsel, ECF 10. For the reasons that follow, the Court will deny the motions without prejudice and require Jablonski to file an amended complaint and resolve the filing fee by May 4, 2026 if he wishes to proceed with this action.

**BACKGROUND**

The facts, as alleged in the complaint and assumed true, are as follows. *See Thornton v. Ipsen Biopharmaceuticals, Inc.*, 126 F.4th 76, 81 (1st Cir. 2025). Confined at MCI-Shirley, Jablonski has allegedly suffered "medical problems" from the Commonwealth and DOC's "civil and criminal violations," including their "harassment [and] cruel and unusual abuse." ECF 1, at 1,

4. He states that he "fear[s] for [his] safety," as the "situation is escalating" and is now "an emergency." *Id.* at 4.

Claiming to invoke federal question jurisdiction under 28 U.S.C. § 1331, Jablonski initiated this action in September 2025 seeking an "abuse . . . protection order." *Id.* at 3-4; *see* ECF 1-1, at 1. With the complaint, he filed a motion for leave to proceed *in forma pauperis*. ECF 2. That motion was denied without prejudice in December 2025 because Jablonski had not submitted his six-month prison account statement as required by 28 U.S.C. § 1915(a)(2). ECF 5. Jablonski filed a renewed motion for leave to proceed *in forma pauperis* the next month but again failed to include the requisite six-month prison account statement. ECF 7.

In March 2026, Jablonski filed a motion titled "petition for an abuse and protective order." ECF 9, at 1. In that motion, he seeks a transfer to another facility where, unlike at MCI-Shirley, his "health and . . . rights" would be respected. *Id.* at 2. Jablonski claims, among other things, that his various medical ailments, including brain damage and an impaired lymphoid, are causing "serious side effects that are not being addressed." *Id.* Jablonski also alleges that staff at MCI-Shirley have stolen $600 from him and he is "having problems earning 'good time'" credit. *Id.* Staff have allegedly failed to address these issues and have instead resorted to "manipulative and intimidating" responses. *Id.* "Because of the lack of respect of power and the lack of respect of [his] health," Jablonski alleges, he is "in fear for [his] safety at MCI Shirley," as the "situation is an emergency and escalating." *Id.*

## DISCUSSION

A prisoner who seeks leave to proceed *in forma pauperis*—that is, without prepaying the filing fee—must submit with his motion "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing

of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The Court explained this requirement to Jablonski in December 2025. *See* ECF 5. Yet his renewed motion for leave to proceed *in forma pauperis* the following month did not include the required six-month prison account statement. *See* ECF 7. That motion is therefore again denied without prejudice. If Jablonski wishes to proceed with this case, he must either pay the entire $405 filing fee or file another motion for leave to proceed *in forma pauperis* with the requisite six-month prison account statement by May 4, 2026.[1] Failure to do so will result in a dismissal of this action without prejudice.

When, as here, a plaintiff proceeds without legal representation, the Court must construe the complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even so, a prisoner complaint against a government entity or employee must be dismissed if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The Court must "constru[e] the well-pleaded facts . . . in the light most favorable to the plaintif[f]." *Cortés-Ramos v. Martín-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quotation marks omitted).

---

[1] Prisoners are not eligible for a waiver of the filing fee in non-habeas civil actions. While prisoners may proceed without prepaying the fee, they are still required to pay the $350 statutory filing fee over time, regardless of the duration or outcome of the action. *See* 28 U.S.C. § 1915(b).

While claiming to invoke federal question jurisdiction, Jablonski does not identify the federal law at issue. ECF 1, at 3; ECF 1-1, at 1. In alleging "cruel and unusual abuse," the complaint, broadly construed, appears to assert that Massachusetts and DOC violated his Eighth Amendment rights. ECF 1, at 4; *see* U.S. Const. amend. VIII (prohibiting "cruel and unusual punishments"). Jablonski may assert such a constitutional claim under 42 U.S.C. § 1983, which authorizes lawsuits alleging federal constitutional violations against state actors or entities. *See Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979). To sustain a claim under Section 1983, he "must allege that the defendant[s] acted under color of state law and that [their] conduct violated a protected right." *Pike v. Budd*, 133 F.4th 74, 83 (1st Cir. 2025); *see Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005) ("Only those individua[l] [state actors] who participated in the conduct that deprived the plaintiff of his rights can be held liable.").

Jablonski fails to state a Section 1983 claim against the Commonwealth and DOC. That is so because a State, like Massachusetts, and its departments, like DOC, do not constitute a "person" subject to suit under Section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Segrain v. Duffy*, 118 F.4th 45, 72 n.16 (1st Cir. 2024); *Tyler v. Massachusetts*, 981 F. Supp. 2d 92, 95 (D. Mass. 2013). And even setting that deficiency aside, the complaint lacks sufficient factual allegations to support the plausible inference that the defendants violated Jablonski's federal rights. It fails to identify any specific acts of misconduct and instead merely alleges in a conclusory fashion that he suffered "medical problems" from the defendants' "harassment [and] cruel and unusual abuse." ECF 1, at 4. The petition for an abuse and protective order, which is not part of the complaint and thus cannot be considered at the screening stage, similarly lacks adequate factual allegations. Jablonski claims, for example, that his serious medical issues "are not being addressed." ECF 9, at 2. But to state an Eighth Amendment inadequate-

4

medical-care claim, Jablonski must allege specific facts plausibly suggesting that the defendants "act[ed] with deliberate indifference to [his] serious medical needs." *Lech v. von Goeler*, 92 F.4th 56, 74 (1st Cir. 2024). Accordingly, if Jablonski wishes to proceed with this action, he must file by May 4, 2026 an amended complaint that names as defendants the state officials who allegedly have violated, or are violating, his federal rights and that includes, in numbered paragraphs, factual allegations identifying the misconduct for which he seeks to hold those defendants liable. *See* Fed. Rs. Civ. P. 8(a), 10(b).

Having dismissed the complaint for failure to state a claim, the Court will deny without prejudice Jablonski's petition for an abuse and protective order and his motion for appointment of counsel. Any claim asserted in the petition may be included in the amended complaint. And at this juncture, without a viable complaint, no "exceptional circumstances" exist that would necessitate appointment of counsel. *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). "This being a civil case, there is no constitutional right to counsel and the statutory authority, 28 U.S.C. § 1915, is discretionary." *King v. Greenblatt*, 149 F.3d 9, 14 (1st Cir. 1998). Appointment of counsel is required "only if 'exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on [Jablonski's] due process rights.'" *Id.* (quoting *DesRosiers*, 949 F.2d at 23). No such circumstances are present at this stage because the complaint has been dismissed and thus "the merits of the case" are lacking. *DesRosiers*, 949 F.2d at 24. If Jablonski were to file an amended complaint and the summonses were to be issued, he could then file a renewed motion for appointment of counsel after the defendants respond to that complaint.

## CONCLUSIONS AND ORDERS

For the foregoing reasons, the Court ORDERS as follows:

1.      The renewed motion for leave to proceed *in forma pauperis*, ECF 7, is DENIED without prejudice. If Jablonski wishes to proceed with this action, he must either pay the entire $405 filing fee up front or file a renewed motion for leave to proceed *in forma pauperis* with the required six-month prison account statement by May 4, 2026. Failure to do so will result in dismissal of this action without prejudice.

2.      The complaint is DISMISSED with leave to amend. If Jablonski wishes to pursue this action, he must file by May 4, 2026 an amended complaint that cures the pleading deficiencies of the initial complaint.

3.      The petition for an abuse and protective order, ECF 9, is DENIED without prejudice. To the extent Jablonski wishes to pursue claims concerning the matters raised in that motion, he may include them in the amended complaint.

4.      The motion for appointment of counsel, ECF 10, is DENIED without prejudice.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: April 3, 2026

6